UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HALEY & ALDRICH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 15-12858-LTS |
| ) | |
| SPECIALTY TECHNICAL ) | |
| CONSULTANTS, INC., AND HUDSON ) | |
| SPECIALTY INSURANCE COMPANY ) | |
| AND ENDURANCE AMERICAN ) | |
| SPECIALTY COMPANY AS ) | |
| SUBROGEES OF SPECIALTY ) | |
| TECHNICAL CONSULTANTS, INC., ) | |
| ) | |
| Defendants. ) | |

ORDER ON DEFENDANTS' MOTION
TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (DOC. NO. 18)

January 28, 2016

SOROKIN, J.

Plaintiff Haley & Aldrich, Inc. ("H&A") brought an Amended Complaint for Declaratory Judgment against Defendants Specialty Technical Consultants, Inc. ("STC"), Hudson Specialty Insurance Company ("Hudson"), and Endurance American Specialty Insurance Company ("Endurance") (collectively "Defendants"). Doc. No. 12. The Amended Complaint seeks four declarations: 1) that H&A "does not owe a contractual indemnity to STC and its Subrogees"; 2) that H&A "does not owe a common law indemnity to STC and its subrogees under New York Law"; 3) "that STC and its Subrogees are not entitled to contribution under New York Law"; and 4) that a particular contractual assignment was "valid and effective." Id. at 5-8. Defendants moved to dismiss, arguing that the Court should utilize its discretion to decline exercising

1

jurisdiction over this declaratory judgment action. Doc. No. 18. H&A opposed the motion, Doc. No. 21, and the Court held a hearing. See Doc. No. 25. After careful consideration of the parties' briefs and arguments, the Court ALLOWS the motion.

I.      BACKGROUND FACTS

Because Defendants' motion to dismiss does not "controvert[] the accuracy (rather than the sufficiency) of the jurisdictional facts asserted by the plaintiff," the Court "credit[s] [H&A's] well-pleaded factual allegations . . . , [and] draw[s] all reasonable inferences from them in [its] favor." Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). Accordingly, this factual recitation is taken primarily from the Amended Complaint, with "some[] augment[ation] by an explanatory affidavit or other repository of uncontested facts." Id.

This action addresses H&A's indemnity and contribution obligations, under both contractual and common law, to the Defendants for money the Defendants paid to settle a wrongful death action. Doc. No. 12 at 1. Prior to July 15, 2006, H&A wholly owned a subsidiary called CoVeris, Inc. ("CoVeris"). Id. ¶ 10. Before that date, on or about April 7, 2006, Cooper Cameron Corporation ("Cameron") retained CoVeris to conduct an "environmental, health and safety audit ('EHS Audit') of its facility in Cheektoawaga, NY (the 'Facility')." Id. ¶ 11. CoVeris performed this audit from June 12-15, 2006. Id. On or about July 15, 2006, STC purchased some of CoVeris's assets from H&A. Id. ¶ 12. STC and H&A did not reach a fully executed agreement on the entire transaction. Id. ¶ 13. However, the parties did agree to assign the Cameron audit contract to STC. Id. ¶ 14.

After the assignment, STC issued a final audit report for the Facility. Id. ¶ 16. On November 15, 2008, Matthew Row was killed at the Facility "when he entered [a] room during a compressor test." Id. ¶ 17. On or about May 6, 2010, Row's wife brought a wrongful death

action, alleging negligence against STC (the "Row Action").  Id. ¶¶ 18, 19.  Hudson and Endurance, STC's insurers, "paid STC's attorneys' fees and costs in relation to the defense of the underlying action."  Doc. No. 20-1 ¶ 24.  On or about May 20, 2014, the parties in the Row Action settled the case.  Id. ¶ 28.  Hudson and Endurance paid STC's settlement costs as well.  Id. ¶ 29.  STC's counsel sent H&A an initial demand letter, which H&A denied, seeking indemnification and contribution, on or about November 2010.  Doc. No. 12 ¶¶ 20, 21.  After the settlement, "STC renewed its demand for indemnification."  Id. ¶ 22.

On June 30, 2015, H&A filed the initial Complaint in this action, naming only STC as a defendant.  Doc. No. 1.  On July 31, 2015, Hudson and Endurance filed suit against H&A in the Erie County Supreme Court of New York, seeking indemnification from H&A (the "New York Action").  Doc. No. 20-1.  On August 24, 2015, H&A filed the instant Amended Complaint, adding Hudson and Endurance as defendants.  Doc. No. 12.  On September 3, 2015, H&A moved to dismiss the NY Action, and on January 22, 2016 that motion was denied.  Doc. No. 28-1.

II.   LEGAL STANDARD[1]

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction," district courts "may declare the rights and other legal relations of any interested

---

[1] Although Defendants characterize their motion as "[i]n accordance with Federal Rules of Civil Procedure 12(b)(1) and 12(b)(7)," Doc. No. 19 at 1, the motion relies solely upon the Court's discretion to decline to exercise jurisdiction under the Declaratory Judgment Act.  See, e.g., id. at 2 ("Consideration of all the applicable factors [for courts to consider when deciding whether or not to dismiss a declaratory judgment action] strongly favors dismissal of Plaintiff's Amended Complaint.").  Accordingly, the Court treats the motion as one asking the Court to invoke its discretion to decline jurisdiction over this declaratory judgment action, see 28 U.S.C. § 2201(a) (allowing that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration") (emphasis added), and not as one arguing a "lack of subject-matter jurisdiction," see Fed. R. Civ. P. 12(b)(1), or the "failure to join a party under Rule 19."  See Fed. R. Civ. P. 12(b)(7).

party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added).  The Supreme Court has established "that district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995) (discussing Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1941)).

Brillhart enumerated certain factors for courts to consider in exercising their jurisdiction over declaratory judgment actions.  With a state court proceeding pending, courts should examine, inter alia, "the scope of the pending state court proceeding and the nature of defenses" to that action, as well as "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." Brillhart, 316 U.S. at 495.  In holding that Brillhart "governs . . . declaratory judgment action[s]," Wilton, 515 U.S. at 289, the Court observed that "at least where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in [g]ratuitous interference if it permitted the federal declaratory action to proceed." Id. at 283 (internal quotations and citation omitted).

III.   DISCUSSION

Because multiple factors counsel towards declining jurisdiction, the Court ALLOWS the motion.  The most important reason is the pending New York Action, which features the same parties disputing the same issues.  Hudson, Endurance, and H&A are all captioned parties in the state action, and, although not on the caption, the Complaint also lists STC as a party. See Doc.

4

No. 20-1; id. ¶ 3 (listing STC as a plaintiff in the New York Action).  Further, both suits address H&A's obligations to the Defendants regarding the Row Action.  See Doc. No. 20-1.

Additionally, neither suit presents questions of federal law.  As another session of this Court, characterizing Brillhart, observed, one criterion bearing consideration is "the virtue of avoiding 'uneconomical' proceedings, 'vexatious' proceedings, and 'gratuitous interference' by a federal court with an orderly and comprehensive suit pending in a state court, presenting the same issues, not governed by federal law, between the same parties."  Travelers Cas. & Sur. Co. v. Boston Gas Co., 76 F. Supp. 2d 59, 62 (D. Mass. 1999).  The absence of any question of federal law here eliminates a potential federal interest in entertaining this case sufficient to override the inefficiencies of dual proceedings.[2]

Finally, the judge presiding over the NY Action also proceeded over the Row Action.  Doc. No. 19 at 15.  Accordingly, he has a much stronger grasp of the underlying facts and issues than this Court.  This too counsels towards declining jurisdiction.

H&A relies heavily on the fact that the federal case came first, and, as a corollary, that the Court should respect its choice of venue as plaintiff.  See Doc. No. 21 at 13-14.  This alone, however, is not dispositive.  See Wilton, 515 U.S. at 280, 290 (holding that "the District Court acted within its bounds in staying this action for declaratory relief where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court," even when the federal proceeding began before the state one).  While the Court acknowledges H&A's concerns, which do counsel against dismissal, they cannot, given the

---

[2] Even granting H&A's argument that Massachusetts law applies to a portion of the claims, see Doc. No. 21 at 16, H&A acknowledges that New York law applies to the common law claims.  Id. at 16 n.6.  At best, then, H&A can merely neutralize choice of law as a factor pushing against jurisdiction.

admonition in <u>Brillhart</u> to avoid "[g]ratuitously interfer[ing] with the orderly and comprehensive disposition of a state court litigation," 316 U.S. at 495, and <u>Wilton's</u> reaffirmation of this principle even when the federal case predates the state one, outweigh the above-mentioned factors.

IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Court ALLOWS Defendants' Motion to Dismiss Plaintiffs Amended Complaint (Doc. No. 18).

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge
